UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
PORT DOCK AND STONE CORP.,
GOTHAM SAND & STONE CORP. and
PORT DOCK HOLDINGS CORP.,

                    MEMORANDUM OPINION
            Plaintiffs,        and ORDER

      -against-             CV 05-4294 (DRH) (ETB)

OLDCASTLE NORTHEAST, INC.,
CRH GROUP, PLC and TILCON, INC.,
            Defendants.
----------------------------------------------------------------------X

    Presently before the court is a motion by defendants CRH Group, PLC ("CRH") and Tilcon, Inc. ("Tilcon") (collectively, "defendants") to stay discovery during the pendency of defendants' motion to dismiss, now before District Judge Hurley. (Motion of Defendants Tilcon Inc. and CRH plc to Stay Discovery ("Defs.' Mot.") at 1.) Defendant Oldcastle Northeast, Inc. ("Oldcastle") does not join in the motion. Defendants argue that discovery should be stayed as to CRH and Tilcon because the plaintiffs lack personal jurisdiction over these defendants and because these defendants were not properly served. (Defs.' Mot. ¶ 1.) Specifically, defendants argue that CRH is an Irish corporation that has no contacts with the United States. (Id.) Defendants also argue that plaintiffs failed to properly serve CRH. (Id.) With respect to Tilcon, defendants argue that the putative defendant, Tilcon, Inc., was not involved in the events at the core of plaintiffs' complaint, and that rather, the companies involved are "Tilcon New York" and "Tilcon Minerals." At the oral argument before the undersigned on March 31, 2006, defendants' counsel stated that he provided plaintiffs' counsel with this information several weeks ago and requested that plaintiffs' counsel make the appropriate substitution. Plaintiffs' counsel has taken

1

no action in this regard.

Plaintiffs oppose defendants' motion, and argue that discovery should go forward because the events at issue occurred approximately six years ago, and a delay of discovery would exacerbate any difficulties obtaining relevant documents and testimony. (Affirmation of Aime Dempsey in Opposition to Defendants' Motion to Stay Discovery ("Dempsey Aff.") ¶ 4.) Plaintiffs' counsel argues prejudice because granting the motion would temporarily stop any discovery from former employees who had "already left the company." (Id.) The defendant employer is not identified by plaintiff. Plaintiffs also argue that "the relevant market at issue in this antitrust action tends to be a fluid one. . . [a]n extended discovery process would make the task of determining the relevant market more difficult." (Id.) Finally, plaintiffs argue that the defendants will not be prejudiced by conducting discovery during the pendency of their motion to dismiss. (Id. ¶ 5.)

DISCUSSION

Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery during the pendency of a motion to dismiss for "good cause shown." In re Currency Conversion Fee Antitrust Litigation, No. MDL 1409, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); United States v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y. 1999); Moore v. Painewebber, Inc., No. 96 Civ. 6820, 1997 WL 12805, at * 1 (S.D.N.Y. Jan. 14, 1997). It, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute "good cause" for the issuance of a discovery stay. In re Currency Conversion Fee, No. MDL 1409, M21-95, 2002 WL 88278, at *1; County of Nassau, 188 F.R.D. at 188; Moore,

1997 WL 12805, at * 1. Rather, good cause "'requires a showing of facts militating in favor of the stay.'" In re Currency Conversion Fee, 2002 WL 88278, at *1 (quoting American Booksellers Ass'n v. Houghton Mifflin Co., No. 94 Civ. 8566, 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995)). Factors that courts have considered when determining whether or not a stay is appropriate include: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. In re Currency Conversion Fee, 2002 WL 88278, at *1. Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation. Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991).

Here, the defendants raise substantial issues with regard to the viability of plaintiffs' complaint as against defendants CRH and Tilcon, Inc., and defendants' arguments do not appear to be frivolous or unfounded. In addition, plaintiffs have failed to demonstrate that a stay of discovery would unfairly prejudice them, nor have plaintiffs cited any case law in support of their position. As for the claim of prejudice arising as to former employees, the argument is devoid of merit since no party defendant would have control over such persons in any event and this would constitute non-party discovery. Accordingly, for the foregoing reasons, defendants' motion to stay discovery during the pendency of the motion to dismiss is granted with respect to defendants CRH and Tilcon. See Gandler v. Nazarov, No. 94 Civ. 2272,1994 WL 702004, at *3-4 (S.D.N.Y. Dec. 14, 1994) (granting a stay of discovery where defendant's motion to dismiss based on lack of personal jurisdiction was well-grounded in the law and potentially dispositive,

and where plaintiffs failed to present any evidence to suggest that they would be unfairly prejudiced by a stay).

SO ORDERED:

Dated:       Central Islip, New York
             March 31, 2006

/s/ E. Thomas Boyle
E. Thomas Boyle
United States Magistrate Judge